JAMES F. REED, REUBEN RADFORD, and JOHN CALHOUN, surviving partners of the firm of CALHOUN, EARLY, & Co., appellants, *v.* JOSHUA S. HOBBS, appellee.

*Appeal from Sangamon.*

Where C., E., & Co. relet a portion of their contract to grade a section of a rail road to H., the work to be done according to the plans and specifications in the rail road office, and under the direction of the engineer, &c., of the road, and of C., E., & Co., H. agreeing to conform in all respects to the contract of C., E., & Co. with the Commissioner, except as to price, for which H. was to be paid a certain sum per yard for embankment, and the same price per yard for excavation, to be paid on the estimate of the engineer, according to C., E., & Co.'s contract with the Commissioner: *Held,* that H. was not entitled to pay for any embankment or excavation not allowable to C., E., & Co., under their contract with the Commissioner.

The plea of covenants performed, in an action to recover pay for work done, admits nothing more than the plaintiff's right to recover nominal damages.

Nothing is more certain than that, where terms of art are used in contracts, if there be any doubt as to the sense in which they are used and ought to be applied, resort is to be had to the opinion of professional men, to ascertain the technical meaning attached to them, by those most conversant with their use.

THIS was an action of *covenant* commenced by the appellee against the appellants in the Sangamon Circuit Court, upon the following agreement :

" This article of agreement, made and entered into this 24th day of January, A. D. 1838, between Joshua S. Hobbs, of the county of Sangamon, and State of Illinois, of the first part, and Calhoun, Early, & Co., of the county and State aforesaid, of the second part, — Witnesseth, that the said Hobbs, of the first part, for, and in consideration of, the covenants and agreement herein-

after contained, have covenanted and agreed, and do hereby covenant and agree, with the said Calhoun, Early, & Co., to do, perform, and complete all the grading in section one, on that part of the Northern Cross Rail Road lying between the south side of the corporation of Springfield, and the Sangamon river, in the manner and according to the specifications and plans exhibited and fully understood by said Hobbs, of the first part, at and before the sign ing of this article of agreement, which said specifications and plans are now on file in the rail road office in Jacksonville; and the said Hobbs, of the first part, further covenants and agrees to construct and execute the work above mentioned, and every part thereof, according to the specifications and plans aforesaid, and at the prices hereinafter contained, and under the immediate examination, orders, and directions of the Acting Commissioner, engineers, and superintendents on the line for the time being, and under the like examinations, orders, and directions of the said Calhoun, Early, & Co., parties of the second part, and will at all times conform, during the progress of the work, to any and all changes and alterations that may be directed to be made in the location, plan, form, and dimension, or manner of constructing said work, and will, in all respects, conform to, and comply with, each and every provision of the contract entered into by and between the said Calhoun, Early, & Co., and the Acting Commissioner of this district, bearing date, the 29th day of November, A. D. 1837, as far as said contract is applicable to the said section number one, and no further, excepting as to the prices of the work, which are to be as hereinafter mentioned. And the said Calhoun, Early, & Co., parties of the second part, for, and in consideration of, the covenants and agreements herein contained, do hereby covenant and agree with the said Hobbs, to pay him the following prices in the manner, and at the times hereinafter specified, for performing the work aforesaid, to wit: for each cubic yard of embankment, ten cents; and for each cubic yard of excavation, ten cents; to be paid on the estimate of the engineer in each month, according to the contract with the Acting Commissioner above referred to, retaining fifteen per cent. on the amount of such estimate, as security for the faithful performance of this agreement. It is mutually understood and agreed, between the party of the first part and the parties of the second part, that in case any change or alteration shall be directed, in writing, to be made as aforesaid, the amount of such increase or diminution of the work, is to be estimated by the engineer, and the sums to be paid to said Hobbs, is to be increased or diminished accordingly, according to the rates and prices hereinafter specified to be paid for the same, according to the said contract with the Acting Commissioner, above referred to. It is further understood and agreed between the parties to this article of agreement, that the said

Hobbs is to commence the said work on or before the first day of March next, and complete the same by the first day of September next, and that this article of agreement is to take effect so soon as approved by the Acting Commissioner.   It is further understood and agreed between the parties to this article of agreement, that so soon as it is ascertained, that the said party of the first part is found to act contrary to the interest, rule, or regulation of the party of the second part, this contract is forfeited.

" In witness whereof, we have hereunto set our hands and seals, this day and year first above written.

" Joshua S. Hobbs,          [seal.]

Calhoun, Early, & Co.  [seal.]

" In the presence of,

    John S. Roberts,

    Eleazer White."

The defendants pleaded performance of their covenants, upon which issue was joined, and a trial had at the March term, 1839, before the Hon. William Thomas and a jury.   Verdict and judgment were rendered for the plaintiff for $311,44.   The defendants appealed to this Court.   The bill of exceptions states all the important facts in the case, except the refusal of the Court to permit a certain question, which is stated in the opinion of the Court, to be answered.

On the trial in the Court below, the following bill of exceptions was taken :

" The defendants moved the Court to instruct the jury, that the contract between plaintiff and defendants, as far as this part of the road mentioned in said contract to be done by plaintiff extended, entitled the plaintiff to compensation upon his fulfilling defendants' contract with McConnel (1) to that extent ; and under plaintiff's contract, he could not claim for any excavation or embankment not allowable to defendants, under their contract with McConnel ; the only difference being the amount of compensation, and that he was also to do the work subject to directions of defendants ; but as respects the manner in which the work was to be performed, and for what kind of work, payment was to be made, it was the same under both contracts.

" That the plea of covenants performed in this case, does not admit any thing more than the plaintiff's right to recover nominal damages, and without proof of excavation, the plaintiff could not recover more than nominal damages for excavation.

" But the Court refused to give the said instructions, or either of them, and, on the contrary, instructed the jury, that what was excavation in the contract mentioned, was a matter of law, and meant taking up earth along the route of the rail road for the pur-

(1) The Acting Commissioner.

pose of making the rail road, whether necessary to make the embankment or not.    To the giving of said instructions, (given as aforesaid,) the defendants objected.

" To all which opinions and judgments of the Court, in refusing to permit said evidence to be given, in refusing the instructions asked by defendants, and in giving the instructions the Court did give, the defendants, by their attorney, except, and pray that this their bill of exceptions may be signed, sealed, and enrolled, which is done accordingly.                    Wm. Thomas, [seal.] "

C. Walker, J. Lamborn, and J. D. Urquhart, for the appellants.

S. T. Logan and E. D. Baker, for the appellee.

Smith, Justice, delivered the opinion of the Court : (1)

The Circuit judge erred in this case, in refusing to permit the witness, the engineer upon the road, to answer this question, which was asked by the defendants : " Whether or not there had been any excavation executed by Hobbs, in the meaning of that term as applied to the work in the contract ? " Nothing is more certain, where terms of art are used in contracts, if there be any doubt as to the sense in which they are used, and ought to be applied, that resort is to be had to the opinion of professional men, to ascertain the technical meaning attached to them by those most conversant with their use. (2)

The instructions asked by the defendants' counsel were erroneously withheld.    It is apparent, that the plaintiff, as a sub-contractor, had engaged to perform the work in the same manner as his principal ; and that the terms of that contract, in every thing but price, were to govern.    The manner of the execution of the contract directly refers. to the specifications and plans, and is to be under the immediate orders and directions of the Acting Commissioner's engineers.

The instructions should, therefore, have been given.    In reference to the plea of covenants performed, the decision was erroneous.    The plea, where it is not sustained, admits no more than a right to recover nominal damages. (3)

The judgment is reversed, with costs ; and the cause remanded, with instructions to award a *venire de novo* in the Circuit Court.

*Judgment reversed.*

*Note.* Where a new word is used in a contract, or when a word is used in a technical or peculiar sense, as applicable to any branch of business, or to any particular class of people, evidence of usage is admissible to explain and illustrate it, and that evidence is to be considered by the jury ; and the province of the Court then is, to instruct the jury what will be the legal effect of the contract, as they shall find the meaning of the word, modified or explained by the usage.    Eaton *v.* Smith *et al.,* 20 Pick. 150.

(1) Wilson, Chief Justice, was not present on the argument of this cause.
(2) 3 Stark. Ev. 1032.                    (3) 5 Wend. 113, 114.